The final argument on the calendar today is 22-128 Wong v. Verizon. Mr. Wong, you may come to the podium and you've reserved one minute for rebuttal so you have four minutes at the outset.  Good morning. So I'll start with a couple of chronological issues. First, does FCRA preempt state law claims if the claims concern defendants' actions that predated any report to the credit reporting agencies? So plaintiff is suing the defendants under Massachusetts Consumer Protection Statutes for the defendants' 2015 and 2016 actions in relation to the account setup, billing, and customer service. The defendants did not make any report to the credit CRAs until 2017. So the district court is wrong to say that those state law claims are preempted by the FCRA. Second, courts always hold that each FCRA dispute notice must trigger a new round of investigation. Courts typically impose FCRA liabilities on furnishers of information when they fail to investigate a second dispute from a consumer, even if they properly resolved a previous dispute from the same consumer. I'm asking the court to rule that in this case, plaintiff can recover for the financial losses he suffered because of defendant's failure to investigate the July 2017 dispute, even though the second dispute in November that year was very quickly resolved to his satisfaction. He suffered tens of thousands of dollars in temporary housing costs between July and November that year, and also over probably $50,000 in higher interest rate payments. In late 2018, when the defendants reported a damaging trade line a third time, he suffered still more damages. The district court ruled that because a trade line was deleted in response to plaintiff's second dispute notice, the defendant faced no FCRA liability. So plaintiff is asking this court to affirm this simple rule, that each dispute notice triggers new duty to investigate and imposes separate FCRA liabilities. The district court also made a mistake of making credit application and denial a prerequisite to FCRA claims. This mistake is twofold. First, when this court ruled that the plaintiff in Casella v. Equifax never applied for credit and could not prove damage, this decision came in a summary judgment, and the current case never moved beyond motion to dismiss. Second, even in Casella, this court did not make credit application and denial the only way to prove damage. The Casella court held that a delay in obtaining credit resulting in less favorable terms constitutes recoverable damage, and Casella court already hinted at several other ways to prove damage other than credit denial, and one such way is to show that plaintiff actually made offers to purchase a home. Also, the district court did not address claims of emotional damage. Other circuits consistently rule that emotional damages are available under FCRA, and the Casella court cited an 8th Circuit decision for Millstone v. O'Hanlon reports as one example of recoverable damages related to emotional distress and lost time, even in absence of credit denial. The Casella court noted that 8th Circuit allowed the Millstone plaintiff to recover just for significant considerable time spent fighting grossly inaccurate reports. And I also wish to briefly revisit the FCRA preemption question here. The district court not only preempted state law claims against Verizon New England and Verizon Wireless for pre-2017 billing and customer service actions, but also state law claims against other Verizon defendants' debt collection activities, even though none of those defendants were even furnishers of information under FCRA. One last question I want to touch upon here is what constitutes a false name under FDCPA. So the answer should be a straightforward one. A false name is one by which other people, be it unsophisticated customers or sophisticated consumers or even government lawyers, whether those people cannot track down the actual author by that name. Almost no one, except those involved in this litigation, will ever think of Verizon Corporate Resources or Verizon New England when they hear the name Verizon. So Verizon is a false name for Verizon Corporate Resources and Verizon New England, when Verizon Corporate Resources was trying to collect a debt that Verizon New England supposedly originated. So the false name exception applies here, and Verizon Corporate Resources must face FDCPA liabilities. Thank you, Mr. Wang. We have one minute reserved for rebuttal. First, we'll hear from opposing counsel for Verizon, Ms. Hacipedes. Hacipedes, thank you. Hacipedes. Good morning, Your Honor. May it please the Court. Annette Hacipedes appearing for the appellees. The genesis of this dispute lies in a $122 bill that was for a residence that the appellant owned but claimed that he had rented out, and he had claimed that there was identity theft here. And just for relevant purposes here, the sticking points with the investigation were the fact that the appellant was insisting that Verizon accept a different form of identification than was required for the investigation. The appellant had claimed identity theft. Verizon asked for a valid driver's license and a Social Security card and a police report. An appellant kept insisting for months on end that he only wanted to provide a passport. He wanted to be excused from the requirement of providing that driver's license. In the complaint, he alleges that one person said the passport was okay and he sent it in. And then when he called back, someone said, no, we need the driver's license. So if you read through paragraphs 8 through 20 where he details his frustration with the process, it lies in the fact that he was insisting on providing a passport, not the identification that's normally required. I'd ask the court to affirm the dismissal of the case principally on the fact that there's no subject matter jurisdiction. The notice of appeal is specifically taken from the order of dismissal entered on November 24, 2021. That order of dismissal was entered on the settlement with respect to enhanced recovery, which is not a part of the appeal. And the only other directive in that order of dismissal was that the clerk entered judgment against the other defendants, which occurred on the following day. The appellant asked this court to liberally construe the notice of appeal to include all of the orders entered in the case. The Verizon defendants submit that that is far too broad. The parties were entitled to reasonable notice. Frankly, it was my first thought when I looked at the notice of appeal here. I said, where are we? Where are we in this case? This is the order of dismissal with respect to one defendant. Out of all the orders in this case, well, even putting aside the judgment, the appellant chose to appeal an order of dismissal with respect to enhanced recovery that was entered on the settlement. Even assuming the court goes past that issue and delves at the merits, I'd like to point out that the appellant, that there's no private right of action for his FCRA claims under 1681 S2A, the mail and wire fraud claims also. So those were properly disposed of, and I don't think there's a real dispute there. With respect to the fair debt practices law, there was no allegations in the complaint that any of the Verizon entities were in fact debt collectors that would be subject to the statute. In fact, the plaintiff pleads at paragraphs 322 and 23 that Verizon contracted with debt collection entities. So there should be no application here. As for the argument that we fall within the pseudo-exception, we- Was the debt collector a defendant? No. No. The collect co, the other entities that are named, no. They weren't defendants. Verizon is Verizon. There's no pseudo-name, pseudo-exception that would apply here. I see I'm almost out of my time, so I will speed things up. The appellant relies heavily on section S2B, which under the Fair Credit Reporting Act, which gives him a private right of action, and he cites two incidents of reporting to a CRA. As I alluded to earlier, his first report in July 2017 to a CRA did trigger an investigation. And again, paragraphs 8 through 20 of his second amended complaint addresses it. But he goes through, the appellant goes through and explains that the investigation was really hampered because he wanted to be excused from their requirement that he produce a valid driver's license showing a current address. A passport does not necessarily show a current address. And he actually acknowledges that in the complaint. And so he also alleges that after his frustration with the first CRA investigation that Verizon undertook, he filed another dispute. Did he say he didn't have a driver's license because he doesn't drive? No, he said he wanted to be excused from that requirement because he was moving and did not want to hold up the process. So the process went on for four months. He does not indicate when in November 2017. He indicates in November 2017 that he filed another complaint with his CRA. And that month, just before Thanksgiving, everything was cleared from his record. He was able to secure a mortgage in January 2018, which is why the district court held that there were no damages arising from that second one. I'd submit, again, my time is almost out, that the complaint actually pleads that an investigation was timely undertaken under the FCRA by Verizon. And it was a reasonable investigation and probably would have concluded far more expeditiously had plaintiff not insisted on being excused from the requirements. All right. Thank you, Ms. Hesby. Thank you. Mr. Wang, you have one minute for rebuttal. Thank you. So I think opposing counsel mischaracterized some elements of the complaint. You can take off the mask if you want to. I have it. So, one, the complaint alleged that Verizon Corporate Resources was directly trying to collect the debt from the defendant. And this happened in 2019. And that it also did so under false names. Well, in fact, the defendant, VCR agent, Verizon Corporate Resources agent, refused to give any names at all. And eventually just kept saying Verizon, Verizon, which is not a trade name registered anywhere, not a DBA name, and not a name, like I said, that can be used to track down the actual defendant or actual debt originator or the debt collector. A second element, this was never addressed on record, but a plaintiff was moving to New York in July and August 2017. So, obviously, if you go to DMV, you need to provide proof of residence. Proof of residence may not arrive for another month. And then you go to DMV, you get a new driver's license, which probably takes another month. So, essentially, opposing counsel is saying, because of these delays in getting a new driver's license, they don't really have to do anything within the 30 days. Because, realistically, no one could get a driver's license with an up-to-date address within 30 days of moving into a new state. And that's what the defendant agent was insisting at the time. And some of the defendant agents actually overruled other people, saying, oh, you newly moved, so just put in the passport, and we have your previous, we have an active existing Verizon residential account in Massachusetts. And we can access those accounts, and we see that we can know your identity,  So, obviously, this is not something that can be resolved as a motion to dismiss, because the reasonableness of this kind of FCRA investigation is always, obviously, put later during summary judgment. But this is just about the point defendant counsel was making. Thank you. Mr. Wang, you are out of time. Oh, okay. Thank you both for your arguments. They were very helpful. And the matter is submitted.